**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

|                        |     |                       |
| ---------------------- | --- | --------------------- |
|                        | )   |                       |
| STATE OF DELAWARE      | )   |                       |
|                        | )   | I.D. No. 9903009487   |
| v.                     | )   |                       |
|                        | )   |                       |
| BRIGADIER RIDLEY       | )   |                       |
|                        | )   |                       |
| Defendant              | )   |                       |

Submitted: July 17, 2014
Decided:  September 19, 2014

On Defendant's Motion for Relief from "Illegal Sentence"
**DENIED.**

# <u>ORDER</u>

Christina M. Showalter, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Natalie S. Woloshin, Esquire, Woloshin, Lynch, Natalie, & Gagne, P.A., Wilmington, Delaware, Attorney for the Defendant

COOCH, R.J.

This 19th day of September, 2014, upon consideration of Defendant's "Motion for Postconviction Relief" (so captioned by him when *pro se*), it appears to the Court that:

1.     Defendant Brigadier Ridley pled guilty to Rape Second Degree and was sentenced on January 7, 2000 to twenty years at Level V, suspended after ten years for ten years at Level IV, suspended after six months for nine and a half years at Level III, suspended after one year for the remaining eight and a half

years at Level II.[1]  Defendant has served the Level V portion of that sentence.

2.      Defendant filed on February 4, 2014 a *pro se* "Motion for Postconviction Relief" attacking his original sentence.[2]  Natalie Woloshin, Esquire was appointed as counsel on February 16.[3]

3.      Defendant has been found in violation of his probation several times since completing the Level V portion of his original sentence.  Most recently, on March 12, 2014 Defendant was found in violation of probation and was sentenced to seven years and eight months at Level V, suspended after eight months for six months at Level IV, followed by one year at Level III.[4]  Defendant is currently serving that sentence.

4.      Defendant filed a Motion for Modification or Correction of Sentence pursuant to Superior Court Criminal Rule 35 on March 24 that was denied for "all the reasons stated at the time of sentencing" by another Judge of this Court on April 29.[5]

5.      The Motion currently under consideration by this Court is Defendant's "Motion for Postconviction Relief" filed February 4, 2014 made pursuant to Superior Court Criminal Rule 61.  Defendant's sole claim however, in this motion, is that his original sentence of January 7, 2000 constituted an "Illegal Sentence."  In essence, Defendant argues that the addition of probation following the Level V portion of his constitutes an illegal sentence.[6]

6.      A claim of illegal sentence cannot be challenged under Rule 61 and instead must be challenged under Rule 35(a).[7]  This Court

---

[1] Docket #14 (Jan. 7, 2000).

[2] Docket #54 (Feb. 4, 2014). Notably, Defendant has not filed any motion attacking his most recent sentence imposed by another judge of this Court on March 12, 2014.

[3] Docket #55 (Feb. 16, 2014).

[4] Docket #58 (Mar. 12, 2014).

[5] Docket #59 (Mar. 24, 2014); Docket #63 (Apr. 29, 2014). No action was taken on Defendant's instant Motion for Postconviction Relief on April 29.

[6] Def.'s Mot. for Postconviction Relief at 4.

[7] *See Wilson v. State,* 900 A.2d 102 (Del. 2006)(concluding that defendant's "illegal sentence" claim is not cognizable under Rule 61.").

will treat Defendant's Motion as a Rule 35 Motion for Modification or Correction of Sentence.[8]

7. It is the position of Defendant's appointed counsel as set forth in her July 17 letter to the Court that Defendant's Motion for Postconviction Relief is, as this Court had earlier suggested, more accurately described as a Motion for Correction or Reduction of Sentence.[9] Defendant's appointed counsel points out that another judge of this Court has denied Defendant's previous Motion for Modification or Correction of Sentence of March 24.[10]" Defendant's appointed counsel takes no position on the merits of Defendant's motion.

8. Defendant has failed to demonstrate that the sentence imposed in this criminal action is an illegal sentence subject to modification or correction under Rule 35. As a result, this Court finds that the sentence imposed on January 7, 2000 was appropriate for all the reasons stated on the record at that time.

Therefore, Defendant's Motion for Relief from "Illegal Sentence" is **DENIED**.

  **IT IS SO ORDERED.**

             _____
             Richard R. Cooch, R.J.

cc: Prothonotary
   Investigative Services

---

[8] Super. Ct. Crim. R. 35(a) (providing that "an illegal sentence" may be corrected by the Court at any time).
[9] *See* Letter from Natalie Woloshin at 1, Docket #70 (Jul. 17, 2014). Defendant's appointed counsel opines that in the alternative, if the motion was properly captioned as a Motion of Postconviction Relief, it was counsel's position that a Rule 61 claim would be time barred pursuant to Superior Court Criminal Rule 61(i). *See id.* at 2.
[10] *Id.* Defendant's appointed counsel further notes with regard to any motion made pursuant to Rule 35(a), "no rule or statute requires the appointment of counsel." *Id.*